IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40929
Conference Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GILBERTO VELASQUEZ-RUBIO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-288-ALL
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

     Gilberto Velasquez-Rubio appeals his illegal reentry conviction, a violation of 8 U.S.C. § 1326(a).  He argues that his indictment was insufficient because it did not allege that he possessed the necessary mens rea, general intent, and therefore it failed to charge the offense of illegal reentry.

     Velasquez did not object to the indictment's sufficiency in the district court; therefore, the sufficiency issue is subject to review under the standard of "maximum liberality."  United States v. Guzman-Ocampo, 236 F.3d 233, 236 & n.1 (5th Cir. 2000)

---

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(citation omitted), <u>cert. denied</u>, 121 S. Ct. 2600 (2001).  We hold, and Velasquez concedes, that this issue is foreclosed by <u>Guzman-Ocampo</u>, which held under near identical circumstances that the indictment was sufficient despite its failure to allege that the defendant possessed any general intent.  <u>Id.</u> at 239. Velasquez seeks to preserve the issue for possible Supreme Court review.  We are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision.  <u>See United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

AFFIRMED.